UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        -AGAINST-    ORDER AND MEMORANDUM
                                  04-CR-1097-11 (S-3)(DRH)

DERRICK LUCAS,

        DEFENDANT.
----------------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    One Federal Plaza
    Central Islip, New York 11722
      By: Nicole Boeckmann, A.U.S.A.

For Defendant:
    Derrick Lucas, Pro Se
    # 715414-053
    F.C.I. Otisville
    P.O. Box 1000
    Otisville, New York 10963

HURLEY, Senior District Judge

        By Petition filed on March 7, 2008, defendant moved to be resentenced pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (as amended effective March 3, 2008).

        Defendant pled guilty on September 19, 2005 with having distributed 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). He was sentenced by me on May 8, 2006 to 72 months of imprisonment to be followed by five years of supervised release. Reference to the Bureau of Prisons' website indicates that defendant's projected release date is December 15, 2009.

It is agreed by the parties that the motion is addressed to the Court's discretion. In exercising that discretion, the Court should view the factors listed in § 3553(a) in conjunction with the lowered guideline range triggered by the crack guideline amendment. Here, the initial guideline range in effect at the time of sentence was 70 to 87 months.[1] The current adjusted advisory guideline range is 57 to 71 months.

Having reviewed the original presentence report, the updated presentence report dated March 19, 2009, as well as the submissions of the parties, and having considered the provisions of § 1B1.10(b)(1) and the factors listed in § 3553(a) together with the applicable policy statements issued by the Sentencing Commission, defendant's motion is granted to the extent his initial period of incarceration is reduced from 72 months to 70 months.

In sum, the sentence imposed on May 8, 2006 is amended solely to the extent that the period of incarceration is reduced from 72 months to 70 months; in all other respects, the May 2006

---

[1] The advisory guideline range is mistakenly reported in (a) the May 8, 2006 judgment, (b) the March 19, 2009 Second Addendum to the Presentence Report, and (c) the government's March 27, 2009 letter brief as 84 to 105 months. However, at sentencing the Court granted defendant a downward departure by adjusting the offense level from a 22 to a 20, thereby reducing the guideline range, based on his criminal history of VI, to 70 to 87 months. See May 8, 2008 Sentencing Tr. at 19. Therefore, defendant's sentence of 72 months incarceration was a guideline sentence, not "a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker." § 1B1.10(b)(2)(B). As such, "a further reduction" is not inappropriate. Id.

sentence shall remain in full force and effect.

SO ORDERED.

Dated: Central Islip, New York
       May 14, 2009

                                              _____/S/_____
                                         DENIS R. HURLEY, U.S.D.J.